IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DONTA JENKINS,

                                                           OPINION AND ORDER

                Plaintiff,

                                                           22-cv-190-bbc

    v.

STATE OF WISCONSIN CHILD SUPPORT AGENCY,

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Pro se plaintiff Donta Jenkins has filed a civil complaint alleging that state and county child support agencies have unlawfully garnished his wages and intercepted his federal stimulus payment to satisfy his child support obligations.  He seeks injunctive relief to prevent further interference by child support agencies, and he seeks damages to recover the money taken from him for child support already.  Because plaintiff is proceeding under the in forma pauperis statute, 28 U.S.C. § 1915, I must screen his complaint and dismiss any claims that are legally frivolous, malicious, fail to state a claim on which relief may be granted or ask for money damages from a defendant who by law cannot be sued for money damages.  28 U.S.C. § 1915(e)(2)(B).

      Even liberally construing plaintiff's allegations, his complaint fails to state a plausible federal claim upon which relief may be granted.  Plaintiff says that it is unfair that he has to pay high child support payments because he is homeless and relies on disability benefits to support himself.  However, child support and child custody decisions fall within the areas of family or domestic relations, which are governed exclusively by state law.  Rose v. Rose, 481 U.S. 619, 625 (1987) (quoting In re Burrus, 136 U.S. 586, 593-94 (1890)) ("[T]he

whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the States and not to the laws of the United States."). Federal courts must refrain from exercising jurisdiction over claims that would interfere with domestic-relations issues that belong in state court. Struck v. Cook County Public Guardian, 508 F.3d 858, 859 (7th Cir. 2007). This is particularly true in situations in which there are ongoing domestic relations cases in state court, as there are in this case. According to Wisconsin's online court records, plaintiff is involved in multiple ongoing child support cases in the Circuit Court for Eau Claire County: In Re the Paternity of M. & S., 2010PA118PJ; Eau Claire County CSA v. Donta Jenkins, 2010FA663; In Re the Paternity of D.M.J., 2006PA27PJ. An order modifying plaintiff's child support obligations was issued in those cases on March 22, 2022.

This court cannot review or modify child-support orders issued in state court. Lower federal courts are precluded from reviewing state court judgments, Exxon Mobil Corp. v. Saudi Industries Corp., 544 U.S. 280, 291-92 (2005), including orders regarding child-support obligations). Generally, litigants who believe that a state court proceeding has violated their federal rights must assert those rights in state court and then appeal that decision through the state court system and, as appropriate, to the United States Supreme Court. Golden v. Helen Sigman & Associates, Ltd., 611 F.3d 356, 361-62 (7th Cir. 2010); T.W. by Enk v. Brophy, 124 F.3d 893, 898 (7th Cir. 1997). So if plaintiff thinks that a state court child support decision violated his rights under federal or state law, he should bring his challenge to the state court that issued the decision. If he is dissatisfied with the state court's response, he may file an appeal in the Wisconsin Court of Appeals.

Finally, plaintiff's allegations that state and county child support agencies illegally seized his economic impact payment under the CARES Act, and unlawfully applied it to his past-due child support obligations, do not state a claim upon which relief may be granted. The CARES Act prohibits economic impact payments from being offset to collect certain state or federal debts, but not past-due child support. CARES Act § 2201(d), 134 Stat. 335, codified at 26 U.S.C. § 6428. An eligible individual's economic impact payment under the CARES Act can be offset up to the amount of the child support debt owed. See also https://fiscal.treasury.gov/top/faqs-for-the-public-covid-19.html ("Your entire Economic Impact Payment authorized by the CARES Act can be offset, up to the amount of your child support debt.") (last visited May 3, 2022); Ortiz-Rivas v. Mnuchin, No. 20-CV-1844-PP, 2021 WL 1400931, at *2 (E.D. Wis. Apr. 14, 2021) (explaining that plaintiff could not state claim based on diversion of CARES Act stimulus money to outstanding child support obligations). Based on the facts alleged in the complaint, plaintiff's economic impact payment under the CARES Act was properly offset because he owed past-due child support.

In sum, plaintiff's allegations do not state a federal claim upon which relief may be granted. Accordingly, his complaint will be dismissed.

ORDER

IT IS ORDERED that plaintiff Donta Jenkins' complaint is DISMISSED for failure to state a federal claim upon which relief may be granted.

Entered this 4th day of May, 2022.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge